**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

Case No. 2:16-CV-03669 (VEB)

EDDA BARBA,

               Plaintiff,

vs.

NANCY BERRYHILL, Acting
Commissioner of Social Security,

               Defendant.

DECISION AND ORDER

## I. INTRODUCTION

In October of 2012, Plaintiff Edda Barba applied for Disability Insurance benefits and Supplemental Security Income benefits under the Social Security Act. The Commissioner of Social Security denied the applications.[1]

---

[1] On January 23, 2017, Nancy Berryhill took office as Acting Social Security Commissioner. The Clerk of the Court is directed to substitute Acting Commissioner Berryhill as the named defendant in this matter pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

Plaintiff, by and through her attorneys, the Law Offices of Martin Taller, APC, Troy D. Monge, Esq., of counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).

The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 8, 10). On April 21, 2017, this case was referred to the undersigned pursuant to General Order 05-07. (Docket No. 20).

## II. BACKGROUND

Plaintiff applied for benefits on October 22, 2012, alleging disability beginning September 1, 2011. (T at 204-205, 206-215, 216-225).[2]  Thereafter, Plaintiff amended her alleged onset date to August 15, 2013. (T at 25). The applications were denied initially and on reconsideration.  Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").

On October 17, 2014, a hearing was held before ALJ Joan Ho. (T at 43). Plaintiff appeared with her attorney and testified with the assistance of an interpreter. (T at 47-57).  The ALJ also received testimony from Jeanine Metildi, a vocational expert. (T at 57-62).

---

[2] Citations to ("T") refer to the administrative record at Docket No. 14.

On December 16, 2014, the ALJ issued a written decision denying the applications for benefits. (T at 19-42). The ALJ's decision became the Commissioner's final decision on March 31, 2016, when the Appeals Council denied Plaintiff's request for review. (T at 1-8).

On May 25, 2016, Plaintiff, acting by and through her counsel, timely filed this action seeking judicial review of the Commissioner's denial of benefits. (Docket No. 1). The Commissioner interposed an Answer on October 11, 2016. (Docket No. 13). The parties filed a Joint Stipulation on January 30, 2017. (Docket No. 17).

After reviewing the pleadings, Joint Stipulation, and administrative record, this Court finds that the Commissioner's decision must be reversed and this matter remanded for further proceedings.

## III. DISCUSSION

### A. Sequential Evaluation Process

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a

DECISION AND ORDER – BARBA v BERRYHILL 2:16-CV-03669-VEB

claimant shall be determined to be under a disability only if any impairments are of such severity that he or she is not only unable to do previous work but cannot, considering his or her age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment(s) with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or

equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work which was performed in the past. If the claimant is able to perform previous work, he or she is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity (RFC) is considered. If the claimant cannot perform past relevant work, the fifth and final step in the process determines whether he or she is able to perform other work in the national economy in view of his or her residual functional capacity, age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" that the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## B. Standard of Review

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

"The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

DECISION AND ORDER – BARBA v BERRYHILL 2:16-CV-03669-VEB

1    It is the role of the Commissioner, not this Court, to resolve conflicts in

2    evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational

3    interpretation, the Court may not substitute its judgment for that of the

4    Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th

5    Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be

6    set aside if the proper legal standards were not applied in weighing the evidence and

7    making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d

8    432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the

9    administrative findings, or if there is conflicting evidence that will support a finding

10   of either disability or non-disability, the finding of the Commissioner is conclusive.

11   *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

12   **C.    Commissioner's Decision**

13   The ALJ determined that Plaintiff had not engaged in substantial gainful

14   activity since August 15, 2013, the amended alleged onset date, and met the insured

15   status requirements of the Social Security Act through December 31, 2018 (the "date

16   last insured"). (T at 27). The ALJ found that Plaintiff's obesity, degenerative disc

17   disease of the lumbar spine, blepharospasm (sustained, involuntary closing of the

18   eyelids), diabetes mellitus, and peripheral neuropathy were "severe" impairments

19   under the Act. (Tr. 27).

20

However, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments set forth in the Listings. (T at 29).

The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work, as defined in 20 CFR § 404.1567 (b) and 416.967 (b), with the following limitations: she can climb ramps, stairs, ladders, ropes, and scaffolds occasionally; she can balance/stoop/kneel/crouch frequently; she can crawl occasionally; and she must avoid concentrated exposure to workplace hazards, such as dangerous moving machinery and unprotected heights. (T at 29).

The ALJ concluded that Plaintiff could perform her past relevant work as a housekeeper. (T at 35). Accordingly, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act between August 15, 2013 (the amended alleged onset date) and December 16, 2014 (the date of the decision) and was therefore not entitled to benefits. (T at 35-36). As noted above, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (T at 1-8).

**D.    Disputed Issues**

As set forth in the Joint Stipulation (Docket No. 19, at p. 2), Plaintiff offers six (6) main arguments in support of her claim that the Commissioner's decision

should be reversed. First, she challenges the ALJ's credibility determination. Second, Plaintiff contends that the ALJ did not accurately assess her past relevant work. Third, she argues that the ALJ erred by failing to consider her need for an assistive device. Fourth, Plaintiff asserts that new evidence from a treating medical provider warrants a remand. Fifth, Plaintiff contends that the ALJ erred by failing to adequately consider lay witness evidence. Sixth, she challenges the ALJ's decision to discount the opinion of her treating physician. This Court will address each argument in turn.

# IV. ANALYSIS

## A.    Credibility

A claimant's subjective complaints concerning his or her limitations are an important part of a disability claim. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004)(citation omitted). The ALJ's findings with regard to the claimant's credibility must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible

and what evidence undermines the claimant's complaints." *Leste*r, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

However, subjective symptomatology by itself cannot be the basis for a finding of disability. A claimant must present medical evidence or findings that the existence of an underlying condition could reasonably be expected to produce the symptomatology alleged. See 42 U.S.C. §§423(d)(5)(A), 1382c (a)(3)(A); 20 C.F.R. § 404.1529(b), 416.929; SSR 96-7p.

In this case, Plaintiff testified, with the assistance of an interpreter, as follows: she is 5'8" tall and weighs 265 pounds. (T at 47). She uses a "chair" to get around, referring to her walker, which includes a seat. (T at 48). She stopped working because of an inability to perform her duties, swelling in her legs, and eye issues. (T at 49). Back pain, of a pinching and numbing nature, is an 8 or 9 out of 10 on the pain scale. (T at 50-52). She has pain in her left arm and tingling/burning in her feet. (T at 52). With her walker, Plaintiff can stand about 20 minutes at a time and walk for about the same amount of time. (T at 53). She can lift about one gallon of milk. (T at 54). Nerve injections for back pain were ineffective and surgery was recommended. (T at 54-55). She can only walk for a very short period without the walker. (T at 57).

The ALJ concluded that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but found her statements regarding the intensity, persistence, and limiting effects of the symptoms not fully credible. (T at 30).

For the reasons that follow, this Court finds this matter must be remanded and the ALJ's decision must be revisited on remand.

The record includes evidence that tends to support Plaintiff's allegations, although it pre-dates the amended alleged onset date. For example, in 2012, Plaintiff was noted to have "severe antalgic gait" with motor loss. (T at 490). A January 2013 MRI of the lumbar spine revealed "Severe bilateral facet arthropathy." (T at 933).

The ALJ explained that she was not obligated to "fully evaluate and discuss" the evidence pre-dating the amended alleged onset date. (T at 30). The ALJ then said, without any discussion or explanation, that the evidence from prior to the amended alleged onset date did not "shed any light" on Plaintiff's functioning after that date (T at 30).

This was error. Although medical opinions that pre-date the alleged onset of disability may be of limited relevance, *Fair v. Bowen*, 885 F.2d 597, 600 (9th Cir. 1989), they are not *per se* irrelevant. *See Robbins v. Soc. Sec. Admin.*, 466 F.3d 880,

DECISION AND ORDER – BARBA v BERRYHILL 2:16-CV-03669-VEB

883 (9th Cir. 2006). Moreover, the MRI was taken only a few months prior to the amended onset date and there is no indication that the condition identified in the MRI resolved in the intervening months.

The ALJ based her ultimate decision to deny benefits, in large part, upon a review of the medical record and a conclusion that "diagnoses have reflected mild problems only." (T at 32). This is arguably accurate only if one excludes the records that pre-date the amended alleged onset date. These records, which were by no means remote from the time period in question, were certainly relevant and should not have been summarily dismissed.

This Court is mindful that the ALJ retained the discretion to consider what weight to give that evidence in the larger context of the record as a whole. Further, the more recent evidence would be presumptively entitled to greatest weight. However, it was error for the ALJ to conclude, without full evaluation or explanation, that the records "shed no light" on Plaintiff's condition during the relevant time period.

The ALJ also discounted Plaintiff's credibility because she declined recommended surgery. (T at 32). However, the ALJ never inquired as to Plaintiff's reasons for that decision. This was error under SSR 96-7p. Under that ruling, an ALJ must not draw an adverse inference from a claimant's failure to seek or pursue

treatment "without first considering any explanations that the individual may provide, or other information in the case record, that may explain infrequent or irregular medical visits or failure to seek medical treatment." *Id.; see also Dean v. Astrue*, No. CV-08-3042, 2009 U.S. Dist. LEXIS 62789, at *14-15 (E.D. Wash. July 22, 2009)(noting that "the SSR regulations direct the ALJ to question a claimant at the administrative hearing to determine whether there are good reasons for not pursuing medical treatment in a consistent manner").

The credibility determination must be revisited on remand.

## B. Past Relevant Work

"Past relevant work" is work that was "done within the last 15 years, lasted long enough for [the claimant] to learn to do it, and was substantial gainful activity." 20 C.F.R. §§ 404.1565(a), 416.965(a).

At step four of the sequential evaluation, the ALJ makes a determination regarding the claimant's residual functional capacity and determines whether the claimant can perform his or her past relevant work. Although a claimant bears the burden of proof at this stage of the evaluation, the ALJ must make factual findings to support his or her conclusion. *See* SSR 82-62.

In particular, the ALJ must compare a claimant's RFC with the physical and mental demands of the past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv) and

416.920(a)(4)(iv). In sum, the ALJ must determine whether a claimant's RFC would permit a return to his or her past job or occupation, either as it is generally performed in the national economy or as a claimant actually performed it.

The ALJ's findings with respect to RFC and the demands of the past relevant work must be based on evidence in the record. *See Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001). The Regulations provide that a vocational report and a claimant's testimony should be consulted to define the claimant's past relevant work as it was actually performed. *Id.*; SSR 82-61, 82-41. With respect to the question of how a claimant's past relevant work is generally performed, the "best source" is "usually" the *Dictionary of Occupational Titles* ("DOT"). *See id.*, 20 CFR §§ 404.1566 (d) and 416.966 (d).

In the present case, the State Review Agency categorized Plaintiff's past relevant work as a "day worker" position, which the DOT categorizes as requiring medium exertion. (DOT 301.687-014). The vocational expert testified that she felt classification of the work as "housekeeper" was more appropriate. (T at 58, 60-61). The position identified by the vocational expert (DOT 323.687-014) requires only light exertion according to the DOT. (T at 58). The vocational expert testified that a hypothetical claimant with limitations consistent with the ALJ's RFC determination could perform the housekeeper position. (T at 59).

DECISION AND ORDER – BARBA v BERRYHILL 2:16-CV-03669-VEB

This Court finds that the ALJ's past relevant work analysis was insufficient and needs to be revisited on remand.  As noted above, the State Agency categorized Plaintiff's past relevant work as matching the DOT description at 301.687-014 (day worker/domestic servant).   That position is described as follows: "Performs any combination of following domestic duties: Cleans and dusts furnishings, hallways, and lavatories. Changes and makes beds. Washes and irons clothings [sic] by hand or machine. Vacuums carpets, using vacuum cleaner. May watch children to keep them out of mischief. May wash windows and wax and polish floors."  Although Plaintiff's past relevant work apparently did not involve childcare, the DOT description of the day worker/domestic servant position otherwise appears to match the demands of her past relevant work fairly closely.

The position selected by the vocational expert (DOT 323.687-014), identified as cleaner/housekeeping/maid is described as follows: "Cleans rooms and halls in commercial establishments, such as hotels, restaurants, clubs, beauty parlors, and dormitories, performing any combination of following duties: Sorts, counts, folds, marks, or carries linens. Makes beds. Replenishes supplies, such as drinking glasses and writing supplies. Checks wraps and renders personal assistance to patrons. Moves furniture, hangs drapes, and rolls carpets."

DECISION AND ORDER – BARBA v BERRYHILL 2:16-CV-03669-VEB

Although this position does seem generally consistent with the duties Plaintiff performed, the description notes a different setting – commercial as opposed to residential.

In the abstract, it is not clear to this Court why the job would be *more* exertionally demanding when performed in the residential setting (the cleaner/housekeeping/maid requires light exertion; the day worker/domestic servant job involves medium exertion).  However, this Court cannot disregard this, as the DOT, which the Commissioner generally relies on, assigns different exertional demands to the positions.  This distinction takes on critical importance in this case, as the ALJ concluded that Plaintiff retained the RFC to perform light work, which would presumably preclude her from the day worker/domestic servant job, at least as it is generally performed in the national economy (because, per the DOT, that position requires medium exertion).

The vocational expert's testimony adds further confusion to the equation.  When asked why she preferred the cleaner/housekeeping/maid description over the day worker/domestic servant position identified by the State Agency, the vocational expert responded that the day worker/domestic servant position was not as good a fit because it "comes under janitor, office building, apartment building, commercial or institutional buildings." (T at 61).  This is precisely wrong.  In fact, the actual

DECISION AND ORDER – BARBA v BERRYHILL 2:16-CV-03669-VEB

answer is the exact opposite. As discussed above, the position selected by the vocational expert involved commercial buildings; the position identified by the State Agency pertained to residential settings.

As a final item of unresolved uncertainty, the vocational expert mentioned that because Plaintiff described her housekeeping job as involving the moving of furniture, the position may have required medium exertion at times. (T at 58, 61).

The ALJ did not recognize or address either of these significant issues. The ALJ simply cited the vocational expert's testimony and found that Plaintiff could perform her past relevant work as it is generally performed in the national economy and as she actually performed it. (T at 35). As discussed above, the ALJ left unresolved serious questions on both counts and a remand is therefore required.

## C.    Use of a Walker

Plaintiff's primary care physician, Dr. Rafael Carcamo, prescribed a walker with seat attachment. (T at 679, 810). The prescription was apparently approved by Plaintiff's health insurance carrier and the walker was provided. (T at 810). Plaintiff testified that she needs to use the walker for ambulation about 20 times per week because of pain and balance issues. (T at 48). The vocational expert testified that a person needing a walker that frequently would be unable to perform Plaintiff's past relevant work. (T at 61-62).

The ALJ discussed Plaintiff's testimony regarding the use of the walker (T at 30), but made no specific finding as to whether that testimony was credible and made no determination as to whether or how often Plaintiff actually needed to use the walker.  Given the vocational expert's testimony regarding the impact of walker use on the performance of past relevant work, this omission was significant.

The Commissioner invites this Court to read between the lines of the ALJ's decision and conclude that the ALJ intended to conclude that, notwithstanding her testimony and treating physician's prescription, Plaintiff did not need to use the walker at all.  This Court declines that invitation. The ALJ's silence on this important issue was significant and must be remedied on remand.  *See Bray v. Comm'r*, 554 F.3d 1219, 1226 (9th Cir. 2009) ("Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ — not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking.").

**D.   New Evidence**

Plaintiff provided the Social Security Appeals Council with a Medical Source Statement from Dr. James Lin, her treating neurologist.  Dr. Lin opened that because of "severe" low back pain, Plaintiff could not lift/carry more than 10 pounds, could

stand/walk for ½ an hour at a time, and could stand/walk for no more than 1 hour in an 8-hour workday. (T at 943).

The Appeals Council is required to consider "new and material" evidence if it "relates to the period on or before the date of the [ALJ's] hearing decision." 20 C.F.R. § 404.970(b); see also § 416.1470(b). The Appeals Council "will then review the case if it finds that the [ALJ]'s action, findings, or conclusion is contrary to the weight of the evidence currently of record." 20 C.F.R. § 404.970(b); see § 416.1470(b)."

In the Ninth Circuit, when the Appeals Council considers new evidence in the context of denying the claimant's request for review, the reviewing federal court must "consider the rulings of both the ALJ and the Appeals Council," and the record before the court includes the ALJ's decision and the new evidence. *Ramirez v. Shalala*, 8 F.3d 1449, 1452 (9th Cir. 1993); *Gomez v. Chater*, 74 F.3d 967, 971 (9th Cir. 1996).

Because the Appeals Council's decision to deny the claimant's request for review is not a "final decision" by the Commissioner, the federal courts have no jurisdiction to review it. Rather, the question presented in such cases is whether "the ALJ's decision is supported by substantial evidence after taking into account the new evidence." *Acheson v. Astrue*, No. CV-09-304, 2011 U.S. Dist. LEXIS 25898,

DECISION AND ORDER – BARBA v BERRYHILL 2:16-CV-03669-VEB

at *11 (E.D. Wash. Mar. 11, 2011); *see also Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1233 (9th Cir. 2011). If the new evidence creates a reasonable possibility that it would change the outcome of the ALJ's decision, then remand is appropriate to allow the ALJ to consider the evidence. *Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001).

Here, the Appeals Council considered Dr. Lin's report and found that it did not provide a basis for changing the ALJ's decision. (T at 2). Dr. Lin's report is rather sparse and conclusory and it does not appear that his treatment relationship with Plaintiff is all that extensive. However, his report nevertheless represents an assessment from a physician who examined Plaintiff, which tends to bolster Plaintiff's subjective complaints and undermine the ALJ's RFC determination.

Moreover, the ALJ discounted the opinion of Dr. Carcamo (Plaintiff's treating physician), in part, because "no other treating or examining source … assessed any limitations …." (T at 33). Dr. Lin's report changes that finding and there is a reasonable possibility that consideration of that report might have changed the ALJ's decision. Dr. Lin's report should be included as part of the record reviewed on remand.

## E.    Lay Evidence

"Testimony by a lay witness provides an important source of information about a claimant's impairments, and an ALJ can reject it only by giving specific reasons germane to each witness." *Regennitter v. Comm'r*, 166 F.3d 1294, 1298 (9th Cir. 1999).  Here, Plaintiff challenges the ALJ's rejection of lay evidence provided by her daughter, Monica Barba-Romero. (T at 34-35, 258-67).  This Court finds that the ALJ's consideration of this evidence was impacted by the errors outlined above related to Plaintiff's credibility, including in particular the conclusion (without full evaluation or explanation) that the evidence from shortly before the amended alleged onset date "shed no light" on Plaintiff's limitations.  As such, Ms. Barba-Romero's report should be reconsidered on remand.

## F.    Treating Physician's Opinion

In disability proceedings, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons

that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995).

The courts have recognized several types of evidence that may constitute a specific, legitimate reason for discounting a treating or examining physician's medical opinion. For example, an opinion may be discounted if it is contradicted by the medical evidence, inconsistent with a conservative treatment history, and/or is based primarily upon the claimant's subjective complaints, as opposed to clinical findings and objective observations. *See Flaten v. Secretary of Health and Human Servs.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995).

An ALJ satisfies the "substantial evidence" requirement by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014)(quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)). "The ALJ must do more than state conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id*.

Here, Dr. Rafael Carcamo opined that Plaintiff is incapable of light work because she can only stand and walk for a minimum of 3 hours in an 8-hour workday. (T at 550-51). Dr. Carcamo explained this limitation by reference to Plaintiff's spondylolisthesis, chronic back pain, and gait dysfunction. (T at 550-51).

DECISION AND ORDER – BARBA v BERRYHILL 2:16-CV-03669-VEB

The ALJ discounted Dr. Carcamo's opinion. (T at 33). That decision must also be revisited on remand.

First, the ALJ characterized Dr. Carcamo's course of treatment as "minimal" and "conservative." (T at 33). However, Dr. Carcamo recommended that Plaintiff see a spine surgeon, who recommended surgery. (T at 657). *Slover v. Comm'r of Soc. Sec. Admin.*, No. CV-10-258-HZ, 2011 U.S. Dist. LEXIS 36459, 2011 WL 1299615, at * 4 (D. Or. Apr. 4, 2011)("The fact that treatment may be routine or conservative is not a basis for finding subjective symptom testimony unreliable absent discussion of the additional, more aggressive treatment options the ALJ believes are available.").

Second, the ALJ found that Dr. Carcamo's findings were unsupported by the medical record, which – the ALJ said – did not "reflect significant objective findings on diagnostic tests …." (T at 33). This is only arguably correct if one disregards the MRI from shortly prior to the amended alleged onset date, which the ALJ did, in error, as discussed above. Third, the ALJ found that Dr. Carcamo's assessment was inconsistent with his treatment notes, which did not "often" mention complaints of back pain. (T at 33). It is not clear what the ALJ considers a sufficient frequency, but the treatment notes document lower back/lower body complaints on numerous occasions. (T at 361, 362, 372, 376, 378, 385). In addition, Plaintiff experienced

pain of such severity that she sought emergency room treatment (T at 454, 481, 490, 884, 895, 899, 903), which should also have been considered when assessing whether Dr. Carcamo's opinion was consistent with the overall medical record.

Fourth and finally, the ALJ discounted Dr. Carcamo's assessment because no other treating or examining source … assessed any limitations …." (T at 33).  Dr. Lin's report changes that portion of the ALJ's analysis.  All of this should be revisited on remand.

## G.    Remand

In a case where the ALJ's determination is not supported by substantial evidence or is tainted by legal error, the court may remand the matter for additional proceedings or an immediate award of benefits. Remand for additional proceedings is proper where (1) outstanding issues must be resolved, and (2) it is not clear from the record before the court that a claimant is disabled. *See Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004).

Here, this Court finds that remand for further proceedings is warranted.  There are numerous outstanding issues to be resolved, including – in particular-consideration of the evidence from prior to the amended alleged onset date, a determination as to the exertional demands of Plaintiff's past relevant work, an evaluation of Plaintiff's use of a walker, and reconsideration of the medical opinion

evidence, as supplemented by Dr. Lin's report.  However, with that said, given the relative lack of clarity regarding the record and the lack of complete analysis regarding these important issues, this Court cannot say with certainty that Plaintiff is disabled.  As such, a remand for further proceedings is the right result. *See Strauss v. Comm'r of Soc. Sec.*, 635 F.3d 1135, 1138 (9th Cir. 2011)("Ultimately, a claimant is not entitled to benefits under the statute unless the claimant is, in fact, disabled, no matter how egregious the ALJ's errors may be.").

# V. ORDERS

IT IS THEREFORE ORDERED that:

Judgment be entered REVERSING the Commissioner's decision and REMANDING this action for further proceedings consistent with this Decision and Order, and it is further ORDERED that

The Clerk of the Court shall file this Decision and Order, serve copies upon counsel for the parties, and CLOSE this case without prejudice to a timely application for attorneys' fees and costs.

DATED this 15th day of November 2017.


/s/Victor E. Bianchini
VICTOR E. BIANCHINI
UNITED STATES MAGISTRATE JUDGE

DECISION AND ORDER – BARBA v BERRYHILL 2:16-CV-03669-VEB